# United States District Court
# District of Massachusetts

UNITED STATES OF AMERICA,

    V.                                    MAGISTRATE JUDGE'S DOCKET NO.
                                              2014-PO-08003-JJN

MARC D. TURGEON,
    Defendant.

# *PROCEDURAL ORDER*
# *RE:  SENTENCING HEARING*

COLLINGS, U.S.M.J.

    A PLEA of guilty having been entered on January 20, 2014 under the Sentencing Reform Act of 1984, it is hereby **ORDERED**:

**Pre-sentence Investigation**

    1.    a)    The United States Probation Office shall commence immediately the pre-sentence investigation.  *Since the defendant resides in Agawam, Massachusetts, it is recommended that the pre-*

*sentence investigation be conducted by a probation Officer at the Springfield Probation Office.*

b) The Probation Office shall prepare pre-sentence investigation reports in the order in which the requests from the court are received.

**Statement of Relevant Facts**

2. Not later than the close of business on **February 18, 2015**, the attorney for the government shall provide to the United States Probation Office a statement of relevant facts and any other documents pertinent under Federal Rules of Criminal Procedure 32(d) and shall simultaneously serve on counsel for the defendant a copy of everything provided to the Probation Office.

**Submission of Information Regarding Identifiable Victims (if applicable)**

3. Not later than the close of business on **February 11, 2015**, the attorney for the government shall provide to the United States Probation Office a written statement setting forth the names of the victims, their contact information/addresses, and the amount of loss sustained by each victim/restitution owed to each victim

pursuant to the Federal Rules of Criminal Procedure, Rule 32(c)(1)(B).

**Interview of Defendant**

4.    a)    If the case is resolved by a plea, and the Probation Office has timely notification of the plea, it shall hold an interview with the defendant on the day of the plea. If an interview cannot be held on the day of the plea, the Probation Office shall schedule an interview to be held within thirty days after the plea.

    b)    If the case is resolved by a verdict, the Probation Office shall schedule an interview with the defendant to be held within thirty days after the verdict.

    c)    If the defendant is in custody, the United States Marshal shall, at the request of the Probation Office, bring the defendant to the courthouse for an interview at the earliest feasible time.

**Pretrial Services Responsibility**

5.    Pretrial Services shall provide to the Probation Office all documents in the possession of Pretrial Services that may be relevant to the pre-sentence investigation, including a copy of the Pretrial Report, the defendant's state, local, and national criminal record, police

reports, copies of convictions, drug test results, reports of incidents, and other reports and supporting documents.

### Date of Sentencing

6. *The sentencing hearing (and sentencing) is hereby scheduled for Wednesday, June 17, 2015 at 10:00 A.M. at Hyannis, Massachusetts.* This date is not sooner than twelve weeks after the date of the plea/verdict, in order to permit the following:

a)  Probation Office shall have **seven (7) weeks** after January 20, 2015 for the preparation and disclosure of the initial report.

b)  Probation Office shall disclose the initial report to the defendant and government counsel **no later than the close of business on May 18, 2015**, unless the defendant expressly waives the minimum five week pre-sentencing notification period.

c)  The date when disclosure has been effected is the date of the mailing of a copy.

### Objections Procedure

7.  **Within fourteen days after disclosure of the report**, the attorney for the government and the defendant shall advise the probation

officer and each other in writing, of any objections they may have as to any material information in or omitted from the report.

8. The probation officer shall conduct any further investigation and make any revisions to the pre-sentence report that may be necessary. The probation officer may require counsel for both parties to confer with the probation officer to identify and attempt to resolve any factual or legal disputes which may require hearing by the court.

**Final Pre-sentence Report**

9. **Not later than seven days before the sentencing hearing,** the probation officer shall submit to the court and disclose to the attorney for the government and the defendant the final pre-sentence report, including any addendum, setting forth the unresolved objections, the grounds for these objections and the probation officer's comments on the objections.  The probation officer shall certify that the contents of the report, including any revisions, and the addendum have been disclosed to the defendant and the government, and that the addendum fairly states any remaining unresolved objections.  Except with regard to any

unresolved objections, the report of the pre-sentence investigation may be accepted by the court as accurate. The court, however, for good cause shown, may allow a new objection to the pre-sentence report to be raised at any time before the imposition of sentence.

## Hearing

10. The Court will hold a sentencing hearing to resolve any disputed issues.

11. The schedule set forth in this Order may be modified by the Court for good cause shown.

12. Disclosure of the pre-sentence report is made under the provisions of Rule 32, Fed. R. Crim. Pro., except that the Probation Office shall not disclose any recommendation it made to the court as to sentence. Any such recommendation made to the court by the Probation Office must not contain factual information not already

disclosed to both counsel and to the defendant.

/s/ *Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

January 21, 2015 at 1:20 P.M.

cc: Counsel, Probation and Pretrial Services.